NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-14

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 21986

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, John Doe, appeals from a judgment affirming his final classification by the Sex Offender Registry Board (SORB) as a level two sex offender. In 2004, SORB classified Doe as a level three sex offender pursuant to G. L. c. 6, § 178K (2) (c). In 2018, Doe requested relief from registration or, in the alternative, reclassification as a level one offender pursuant to 803 Code Mass. Regs. § 1.31 (2016). By decision dated December 30, 2021, SORB ordered that Doe register as a level two sex offender. After Doe sought judicial review, a judge of the Superior Court affirmed SORB's decision. On appeal, Doe contends that the SORB hearing examiner erred by (1) giving inadequate consideration to certain scholarly

articles that suggest that offense-free time in the community is a substantial factor in lowering an offender's risk of recidivism, and (2) failing to adequately explain how he balanced the risk-aggravating factors and the more recent risk-mitigating factors in determining that Doe was a moderate risk offender. We affirm.

Discussion. 1. Consideration of scholarly articles. We may only "set aside or modify a classification decision if it is 'in excess of SORB's statutory authority or jurisdiction, violates constitutional provisions, is based on an error of law, or is not supported by substantial evidence'" (citations omitted). Doe, Sex Offender Registry Bd. No. 23656 v. Sex Offender Registry Bd., 483 Mass. 131, 134 (2019) (Doe No. 23656). We "give due weight to [SORB's] experience, technical competence, and specialized knowledge . . . as well as to the discretionary authority conferred upon it." Doe, Sex Offender Registry Bd. No. 68549 v. Sex Offender Registry Bd., 470 Mass. 102, 109 (2014) (Doe No. 68549), quoting G. L. c. 30A, § 14 (7). As such, "[o]ur review does not turn on whether, faced with the same set of facts, we would have drawn the same conclusion as an agency or local board, but only 'whether a contrary conclusion is not merely a possible but a necessary inference.'" Goldberg v. Board of Health of Granby, 444 Mass. 627, 638 (2005), quoting

2

Commissioner of Revenue v. Houghton Mifflin Co., 423 Mass. 42, 43 (1996).

In his request for reclassification, Doe submitted three scholarly articles from 2017, 2018, and 2019 that discuss the impact of offense-free time in the community on the risk of reoffense. Doe asserts that the hearing examiner should have given greater consideration to these articles in determining Doe's risk of reoffense because Doe had been offense free in the community for five years and eighteen years had passed since his last index offense. "Where an offender presents evidence relevant to an offender's risk of recidivism, the hearing examiner must at least consider the evidence." Doe, Sex Offender Registry Bd. No. 356315 v. Sex Offender Registry Bd., 99 Mass. App. Ct. 292, 298 (2021) (Doe No. 356315), citing Doe, Sex Offender Registry Bd. No. 151564 v. Sex Offender Registry Bd., 456 Mass. 612, 622-623 (2010). That duty includes consideration of scientific research that speaks to the concerns underlying the statutory and regulatory considerations underpinning SORB's classification system. See Doe No. 68549, 470 Mass. at 105. Here, the hearing examiner "fully consider[ed]" the articles submitted by Doe, but ultimately gave them little weight in his overall analysis. The hearing examiner also considered the articles under factor 29,

3

acknowledged that Doe had five years of offense-free time in the community, and gave that factor minimal weight. As Doe acknowledges, this court has found a hearing examiner's similar consideration of scholarly articles to be consistent with applicable law, since it is "for the hearing examiner to weigh the evidence presented." Doe No. 356315, supra. We discern no error in the hearing examiner's consideration of the articles submitted by Doe here.

2. Weighing of factors. In addition, Doe claims that the hearing examiner abused his discretion by failing to explain how his weighing of the factors led to his conclusion that Doe presented as a moderate risk offender. "An abuse of discretion occurs where the hearing examiner makes 'a clear error of judgment in weighing the factors relevant to the decision . . . such that the decision falls outside the range of reasonable alternatives' (quotation and citation omitted)." Doe No. 356315, 99 Mass. App. Ct. at 299, citing L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014). "SORB's ultimate determination is comprised of three elements that, pursuant to 803 Code Mass. Regs. § 1.20 (2), require separate findings." Doe, Sex Offender Registry Bd. No. 496501 v. Sex Offender Registry Bd., 482 Mass. 643, 656 (2019). To classify an offender as a level two offender, a hearing examiner must make explicit findings,

4

supported by clear and convincing evidence, "(1) that the risk of reoffense is moderate; (2) that the offender's dangerousness, as measured by the severity and extent of harm the offender would present to the public in the event of reoffense, is moderate; and (3) that a public safety interest is served by Internet publication of the offender's registry information." Id. at 644.

There was no abuse of discretion here. The hearing examiner, in analyzing both Doe's risk of reoffense and degree of dangerousness, properly discussed the various factors that applied to Doe's case, the weight he applied to each factor, and why he applied such weight. See Doe No. 23656, 483 Mass. at 143. Although the hearing examiner was not always explicit in how he weighed particular factors against one another, we are satisfied that the hearing examiner conducted a proper assessment of the evidence and that his analysis "may reasonably be discerned" from his decision. See NSTAR Elec. Co. v. Department of Pub. Utils., 462 Mass. 381, 387 (2012), quoting Costello v. Department of Pub. Utils., 391 Mass. 527, 535-536 (1984). Accordingly, we conclude that the hearing examiner's finding that Doe presented a moderate risk of reoffense and moderate degree of dangerousness was "based on a sound exercise of informed discretion." See Doe, Sex Offender Registry Bd. No.

136652 v. Sex Offender Registry Bd., 81 Mass. App. Ct. 639, 651 (2012).

Judgment affirmed.

By the Court (Meade,
Hodgens & Toone, JJ.[1]),

*Paul Little*

Clerk

Entered:  May 12, 2025.

---

[1] The panelists are listed in order of seniority.